IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES EDWARD O'CONNELL                                             PETITIONER

V.                                              Civil Action 1:08cv312-LG-RHW

DWAIN BREWER                                                        RESPONDENT

## REPORT AND RECOMMENDATION

Before the Court are [1] the Petition of James Edward O'Connell for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed July 18, 2008, and [5] Respondent's Motion to Dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d), filed August 18, 2008. Petitioner responded to the motion on November 5, 2008 [10], and Respondent filed his reply on November 13, 2008. Having considered the pleadings, records on file, briefs and arguments of the parties, and the relevant legal authority, the undersigned is of the opinion that the motion to dismiss should be granted, and Petitioner's request for federal habeas relief, denied.

## PROCEDURAL HISTORY

On December 4, 2003, Petitioner James Edward O'Connell was convicted by a Harrison County Circuit Court jury of possession of cocaine with intent to distribute, for which he was sentenced on December 5, 2003, to serve 60 years in custody of the Mississippi Department of Corrections, as both a repeat drug offender and habitual offender. [5-2, p. 1] The Mississippi Court of Appeals affirmed the conviction and sentence November 8, 2005. *O'Connell v. State*, 933 So.2d 306 (Miss. App. 2006), *reh'g. denied* April 18, 2006, *cert. denied* June 29, 2006. O'Connell filed no petition for writ of certiorari to the U.S. States Supreme Court.

In May 2007, O'Connell retained his present attorney [9, p. 1]. On June 26, 2007, counsel applied to the Mississippi Supreme Court for leave to file a petition for post-conviction relief on O'Connell's behalf. [5-2, pp. 8-18] Twenty-two days later, on July 18, 2007, the Mississippi Supreme Court denied the motion. [5-2, p. 19] On July 18, 2008, O'Connell's attorney filed the instant federal habeas petition.

On August 18, 2008, Respondent moved to dismiss O'Connell's federal habeas petition as time barred. [5] In response, O'Connell's attorney urges that the doctrine of equitable estoppel should apply to the case because he (the attorney) erroneously interpreted 28 U.S.C. § 2244, and incorrectly advised O'Connell that he had one year from the date of the denial of his post-conviction motion to file a federal habeas petition.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that a petitioner file his petition for federal habeas relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435-436 (5th Cir. 2003). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). O'Connell's judgment therefore became final September 27, 2006, ninety days after the Mississippi Supreme Court denied certiorari, when the time to seek certiorari in the United States Supreme Court expired. *See*, *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d at 513. The statute of limitations for federal habeas relief then began to run.

Under 28 U.S.C. § 224(d)(2), the limitations period is tolled for the time during which a properly filed application for State post-conviction is pending. O'Connell's post-conviction motion was pending from its filing on June 26, 2007 until July 18, 2007 when the Supreme Court denied it. Thus, the one year statute of limitations was tolled for only 22 days, and O'Connell's time for filing a federal habeas petition expired October 19, 2007, some 273 days before counsel filed the petition.

In *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000), the Fifth Circuit stated, "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable. " The doctrine applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.*, quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). Petitioner bears the burden of proving that equitable tolling applies, and "must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002), citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), and *Felder v. Johnson*, 204 F.3d 168,170-171 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532.

O'Connell submits that, "The extraordinary circumstance standing in his way was the improper advice given by his attorney on the calculation of the time period for filing." [9, p. 3] In *Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002), the Fifth Circuit held that "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Id.*, 310 F. 3d at 849. *See also*, *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ("counsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure

3

to file [petitioner's] habeas petition in the district court within the one-year limitations period.") As the Court noted in *Cousin*, "A contrary holding would lead to perverse results, in that the procedural errors of trained attorneys would be dealt with less harshly than would be mistakes by *pro se* litigants." *Id.*, 310 F.3d at 849. The Fifth Circuit has also held that equitable tolling "will not be applied where the applicant failed to diligently pursue federal habeas relief," and that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Alexander v. Cockrell*, 294 F.3d at 629, citing *Patterson*, 211 F.3d at 930 and *Fisher v. Johnson*, 174 F3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001). Although O'Connell's attorney argues that O'Connell "diligently sought to assert his right," the Court notes that O'Connell waited almost a full year after the Mississippi Supreme Court denied certiorari in his case before he retained his present attorney. The undersigned finds that O'Connell has failed to meet his burden to establish a rare and exceptional circumstance warranting equitable tolling in his case.

When, as here, a petitioner for relief under 28 U.S.C. § 2254 has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. *U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir. 1989); *U.S. v. Raetzsch,* 781 F.2d 1149, 1151 (5th Cir. 1986); *U.S. v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985). Accordingly, petitioner's claims in this case do not merit an evidentiary hearing.

## **RECOMMENDATION**

Upon due consideration of the Petition, pleadings on file and the relevant legal authority, it is the opinion of the undersigned U.S. Magistrate Judge that Respondent's motion to dismiss should be **GRANTED**, and Petitioner's request for habeas corpus relief, **DENIED**.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who objects to this Recommendation must within ten (10) days after being served a copy of the Recommendation serve and file with the Clerk of this Court his written objections to the Recommendation, and must supply a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District court need not consider frivolous, conclusive, or general objections. Failure to object to the proposed findings, conclusions, and recommendations in this report shall bar a *de novo* determination by the District Court. A party who fails to file written objects to the proposed findings, conclusions, and recommendations within ten (10) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 15th day of January, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE